# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KENNETH EVANS,

          Plaintiff,

  v.

J. CRUZ, et al.,

          Defendants.

Case No. CV 15-4047-JFW (JEM)

MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND

      On May 29, 2015, Kenneth Evans ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On October 2, 2015, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend ("First Dismissal Order").

      On February 4, 2016, Plaintiff filed a First Amended Complaint ("FAC"). On February 17, 2016, the Court issued a Memorandum and Order Dismissing First Amended Complaint With Leave to Amend ("Second Dismissal Order").

      On March 11, 2016, Plaintiff filed a Second Amended Complaint ("SAC").

      In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the SAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks

monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the SAC under the relevant standards and for the reasons discussed below, the Court finds that the SAC must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff asserts a single claim for deliberate indifference to his safety, in violation of the Eighth Amendment. (SAC at 14.)[1] His claim arises out of injuries he allegedly sustained while in an interview room in the M.D. Antonovich Antelope Valley Courthouse in Lancaster, California ("Courthouse"). He names Correctional Officer J. Cruz in the caption of the SAC. (SAC at 7.) He also makes allegations against "Director of the CDCR" John Doe #1, Sheriff John Doe #2, Correctional Officer Smith, and Warden J. Soto. (SAC at 9-13.)

Plaintiff alleges the following:

On May 5, 2015, while in the Courthouse, he was in custody and under escort by Officers Cruz and Smith. (SAC at 11-14.) Officer Cruz had secured Plaintiff with waist chains centered in front of his torso, handcuffs and a handcuff security box, and leg restrains secured tightly on both ankles. (Id. at 14.) Thus, Plaintiff's movement was severely limited and he was totally dependent on Officer Cruz to guide his movement. (Id.)

As Officer Cruz led Plaintiff into an interview room to meet with his attorney, Officer Cruz "deliberately forced" Plaintiff onto a metal stool "that was improperly position[ed] to[o] far under the table causing Plaintiff . . . to fall hard backwards head first slamming his head

---

[1] The Court refers to the pages of the SAC as numbered by the Court's CM/ECF system.

against the cement floor . . . ." (SAC at 14.) Officer Cruz knew that other inmates had suffered similar falls. (Id. at 13.) Officer Cruz deliberately "let Plaintiff fall and hesitated to take measures to catch or prevent Plaintiff from falling." (Id.) Officer Smith also knew that Plaintiff "could and would fall if Plaintiff was not carefully placed under his control onto the metal stool." (Id. at 12.) Officer Smith "deliberately placed Plaintiff in harms way by letting go of Plaintiff before Plaintiff was aware and had direct knowledge that the waist chains and leg restraints . . . made Plaintiff totally depende[nt] upon [Smith's] guidance and protection . . . ." (Id.) Defendant Smith also knew that "Plaintiff was charged with battery on his co-worker and so acted out of malice to cause harm to Plaintiff." (Id.)

The Sheriff is responsible for inspecting and maintaining safety in the lockup at the Courthouse. (SAC at 11.) Despite "numerous reports of falls and similar incident[s] . . . with the seating at the attorney interview room," the Sheriff failed to remedy the dangerous situation "to prevent or stop damages and injury to the inmates." (Id.) This failure resulted in Plaintiff suffering "permanent damage to his person." (Id.)

Plaintiff seeks damages and an injunction requiring a change in policy regarding leg restraints and "construction of new improvement to interview room seating positions" in the interview room. (SAC at 16.)

**DISCUSSION**

The SAC is merely a photocopy of the FAC with an updated signature and date and with an additional three-page explanation from Plaintiff regarding why there has been a delay in submitting his pleadings. Plaintiff must understand that his complaints have been dismissed with leave to amend not because of timeliness issues but because the pleadings are deficient.

Plaintiff has been given the opportunity to amend his pleadings twice. In the First and Second Dismissal Orders, the Court provided Plaintiff with specific directives regarding the filing of an amended complaint. If Plaintiff chooses to pursue this action and file another amended complaint, Plaintiff must not simply resubmit his prior pleadings. Rather,

Plaintiff should carefully review and consider the Court's directives below, as well as those set forth in the First and Second Dismissal Orders.

## I. PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION.

On the first page of the SAC, Plaintiff lists only Officer J. Cruz as a defendant. (SAC at 7.) In the body of the SAC, however, Plaintiff also identifies "Director of the CDCR" John Doe #1, Sheriff John Doe #2, Correctional Officer Smith, and Warden J. Soto. (SAC at 9-10.) He purports to sue all defendants in their official capacities only.

The individuals named as "defendants" only in the body of the SAC have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files a third amended complaint, he **must include in the caption on the first page the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).

In other words, Plaintiff must list each defendant's name in the case caption on page one of the amended complaint. He should not list only one or two names followed by "et al." The Court will not order the United States Marshal to serve the amended complaint on any defendant not identified by name in the caption.

The Court notes that it has advised Plaintiff twice to correct this deficiency, but he has failed to do so.

## II. CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES.

Plaintiff purports to sue Officer Cruz, Officer Smith, Director of the CDCR John Doe #1, Warden J. Soto, and Sheriff John Doe #2 in their official capacities only. (SAC at 9-10.) It appears that Cruz, Smith, Director of the CDCR John Doe #1, and Soto are officers of the California Department of Corrections and Rehabilitation ("CDCR"). Sheriff John Doe #2 is an officer of the Los Angeles County Sheriff's Department ("LACSD").

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Moreover, a local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link' between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc).

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining. The allegations of the SAC are insufficient to state a claim upon which relief may be granted against defendants in their official capacities.

As the Court previously advised Plaintiff, if he chooses to file an amended complaint, he should not sue defendants in their official capacities (but should sue them only in their individual capacities) unless he can allege specific facts demonstrating that the LACSD or the CDCR has a policy, regulation, custom, or practice by which any defendant inflicted the injuries about which Plaintiff is complaining. Conclusory or formulaic recitation of the

6

1  elements of a Monell claim would be insufficient.  See Iqbal, 556 U.S. at 678-79 (legal
2  conclusions must be supported by factual allegations); Dougherty, 654 F.3d at 900 (finding
3  that plaintiff's conclusory allegations "lack any factual allegations that would separate them
4  from the 'formulaic recitation of a cause of action's elements' deemed insufficient by
5  Twombly.").

6  Moreover, Plaintiff's claims for damages against the CDCR defendants (Cruz, Smith,
7  John Doe #1, and Soto) in their official capacities are tantamount to claims against the
8  State and, therefore, are barred by the Eleventh Amendment.  See Will v. Michigan Dep't of
9  State Police, 491 U.S. 58, 64-66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991)
10 (clarifying that Eleventh Amendment does not bar official capacity suits against state
11 officials for prospective injunctive relief); Brown v. California Dep't of Corrections, 554 F.3d
12 747, 752 (9th Cir. 2009) (CDCR is a state agency entitled to Eleventh Amendment
13 Immunity).  If Plaintiff chooses to file another amended complaint, he should not assert any
14 claims for damages against Cruz, Smith, Director of the CDCR John Doe #1, or Cruz in
15 their official capacities.

*************

17 For the reasons set forth herein, the SAC is **DISMISSED WITH LEAVE TO AMEND**.
18 If Plaintiff desires to pursue this action, he is **ORDERED** to file a Third Amended
19 Complaint ("TAC") within **thirty (30) days** of the date of this Order, which remedies the
20 deficiencies discussed above.  Again, the Court previously advised Plaintiff how to remedy
21 the deficiencies in his pleadings, but Plaintiff failed to do so.  In fact, Plaintiff effectively
22 abandoned claims that had survived screening (as explained in the Second Dismissal
23 Order) and otherwise ignored the Court's analysis.  In drafting his TAC, Plaintiff must
24 carefully consider the Court's statements in this Order and the First and Second Dismissal
25 Orders.

26 If Plaintiff chooses to file a TAC, it should: (1) bear the docket number assigned in
27 this case; (2) be labeled "Third Amended Complaint"; (3) be filled out exactly in accordance
28 with the directions on the form; and (4) be complete in and of itself without reference to the

7

1  previous complaints or any other pleading, attachment or document. The Clerk is directed
2  to provide Plaintiff with a blank Central District of California civil rights complaint form, which
3  Plaintiff must fill out completely and resubmit.
4      Plaintiff does not need to submit a new Request to Proceed Without Prepayment of
5  Filing Fees.
6  **Plaintiff is admonished that, if he fails to file a TAC by the deadline set herein,**
7  **the Court may recommend that this action be dismissed for failure to prosecute and**
8  **failure to comply with a Court order.**
9      In addition, if Plaintiff files a TAC that fails to remedy the deficiencies in his
10 pleadings, the Court may recommend that his TAC be dismissed without leave to amend.

13 DATED: May 16, 2016              */s/ John E. McDermott*
14                                                                      JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE